IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 15-256 |
| | ) | |
| WILLIAM J. CHAFFIN, JR. | ) | |

**<u>GOVERNMENT'S SENTENCING MEMORANDUM</u>**

AND NOW comes the United States of America, by its attorneys, Soo C. Song, Acting United States Attorney for the Western District of Pennsylvania, and Shanicka L. Kennedy, Assistant United States Attorney for said District, and pursuant to this Court's Order, hereby submits this sentencing memorandum.

On February 3, 2017, defendant William J. Chaffin, Jr. entered a plea of guilty to Counts One, Two, Three and Four of the Indictment at Criminal No. 15-256, admitting to conspiring to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii), in violation of 21 U.S.C. § 846, and possessing with intent to distribute and distribution of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  Although Count Five of the Indictment, possession of a firearm and/or ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), was withdrawn pursuant to the plea agreement, the defendant acknowledges responsibility for the conduct.

A sentencing hearing is presently scheduled for June 16, 2017 before this Honorable Court. In advance of the sentencing hearing, the government hereby submits this memorandum to the Court, recommending that pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure,

the Court accept the plea agreement in this case and impose a sentence of fifteen (15) years' imprisonment followed by a term of supervised release of five (5) years. The following factors are relevant to the government's recommended sentence for the defendant in this case.

I. **UNITED STATES SENTENCING GUIDELINES**

The United States Supreme Court has instructed, "district courts must begin their [sentencing] analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Peugh v. United States*, 133 S.Ct. 2072, 2083 (2013) (quoting *Gall v. United States*, 522 U.S. 38, 49 (2007)). Sentencing decisions are to be "anchored by the Guidelines," and appellate courts may presume that guideline sentences are reasonable. *Peugh*, 133 S.Ct. at 2083. When considering a non-Guidelines sentence, the Court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* (citing *Gall*, 522 U.S. at 50). "For even though the Guidelines are advisory rather than mandatory, they are . . . the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall*, 522 U.S. at 47 (citing *Rita v. United States*, 551 U.S. 338, 349 (2007)).

In this case, according to the final Presentence Investigation Report ("PSR"), the defendant is a career offender because of two controlled substance offenses. (Doc. No. 796, ¶ 43, 58). The Sentencing Guidelines, as calculated in the final PSR (Doc. No. 796, ¶ 88), based upon a total offense level of 34 and a criminal history category of VI, recommend a sentence of imprisonment of 262 months to 327 months (or between 21 and 27 years) for this defendant, based upon the seriousness of the offense that he committed and his prior criminal history. Also, the mandatory minimum term of imprisonment is 10 years and the maximum term is life. 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). Although a sentence of fifteen (15) years' imprisonment, as recommended

2

in the 11(c)(1)(C) plea agreement, is below a Guideline sentence, the government avers, that the recommended sentence is an appropriate and reasonable sentence for the defendant in this case and the government respectfully requests the Court to accept the plea agreement and the recommended sentence of fifteen (15) years' imprisonment.

## II.     TITLE 18, UNITED STATES CODE, SECTION 3553

The factors cited under Title 18, United States Code, Section 3553 also support the government's recommended sentence in this case.

### (1) 18 U.S.C. § 3553(a)(1) – the nature and circumstances of the offense and the history and characteristics of the defendant

#### a.) The Nature and Circumstances of the Offense

The charges against the defendant in this case are the result of a Title III wiretap investigation conducted by the Federal Bureau of Investigation ("FBI"). In addition to the wiretaps, during the investigation, the government obtained surveillance evidence. Moreover, when agents executed a federal search warrant at the defendant's residence, he was standing at the stove in his kitchen cooking cocaine into crack. The government's evidence against the defendant, therefore, is strong.

The defendant has admitted to his involvement in this cocaine trafficking conspiracy, through which the defendant and his co-conspirators flooded the streets of Uniontown, PA, and other areas within the Western District of Pennsylvania ("WDPA") with substantial quantities of cocaine. The defendant has acknowledged his personal responsibility for the distribution of more than five (5) kilograms but less than fifteen (15) kilograms of cocaine onto the streets of the WDPA.

### b.) <u>The History and Characteristics of the Defendant</u>

The defendant is 49-years-old and will now be sentenced for his involvement in a significant cocaine trafficking conspiracy. The defendant has a criminal history dating back to 1990. In addition to the aforementioned two convictions for controlled substance offenses, he has convictions for harassment, possession of a controlled substance, driving under the influence, and firearms not be carried without a license, among others. The defendant incurred his most recent conviction in 2005 for resisting a public officer and assault of a government official.

According to the PSR, since the defendant's conviction in 2005, he has not been convicted of a crime. Aside from this case, however, he was arrested on two separate occasions: one in 2008 for delivery/possession with intent to deliver a controlled substance and another in 2012 for driving impairment. Both of the cases against the defendant were withdrawn.

In this instant case, he was arrested on December 9, 2015 and has remained detained since that time. To his credit, the defendant has accepted responsibility and pled guilty to this offense, saving the government time, money, and resources. The defendant's acceptance of responsibility, however, has been rewarded through the terms of the plea agreement. Most significantly, the defendant benefitted through the government's agreement to recommend a sentence of fifteen (15) years' imprisonment and the government's agreement to stipulate to a cocaine quantity of five (5) kilograms but less than fifteen (15) kilograms.

The government submits that the recommended sentence of fifteen (15) years' imprisonment is an appropriate sentence in light of the nature and circumstances of this offense and the history and characteristics of this defendant. First, this sentence properly accounts for the quantity of cocaine that the defendant personally trafficked in this case and his role within the conspiracy. Second, the sentence also properly accounts for the defendant's prior criminal history,

including the fact that he has not been convicted of a crime for over 10 years. The recommended sentence, therefore, is a fair and reasonable sentence for this defendant in this case.

**(2) The need for the sentence imposed:**

**(A) 18 U.S.C. § 3553(a)(2)(A) – to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense**

The defendant's offense in this case is serious - he was a member of a conspiracy which distributed large quantities of within the WDPA, and was personally responsible for the distribution of more than five (5) kilograms but less than fifteen (15) kilograms of cocaine onto the streets of the WDPA. Imposition of a sentence of fifteen (15) years' imprisonment reflects the seriousness of this offense. The recommended sentence also promotes respect for the law as it takes into account the fact that the defendant committed this offense after sustaining two prior convictions for controlled substance offenses. Given those factors, a sentence of fifteen (15) years' imprisonment promotes respect for the law and provides just punishment for this serious offense.

**(B) 18 U.S.C. § 3553(a)(2)(B) – the need for the sentence imposed to afford adequate deterrence to criminal conduct**

Imposition of a sentence of imprisonment of fifteen (15) years will afford adequate deterrence to others. "[Drug] trafficking and abusing illicit drugs destroy neighborhoods, contribute to violence and victimization, and often ruin the lives of drug users and their families." United States Department of Justice, Community Oriented Policing Services, http://www.cops.usdoj.gov/Default.asp?Item=2470. Given the many societal problems associated with drug trafficking, deterring others from putting illicit drugs onto the streets in the first place is paramount. Because it is substantial, a sentence of fifteen (15) years' imprisonment in this case will serve as a deterrent to other drug traffickers.

    **(C) 18 U.S.C. § 3553(a)(2)(C) – the need for the sentence imposed to protect the public from further crimes of the defendant**

The defendant has demonstrated that if not incarcerated, he may continue to engage in criminal conduct.  Although the defendant was gainfully employed during the course of this conspiracy, he chose to become involved in drug trafficking.  If he is incarcerated for a significant amount of time, he will not be able to engage in criminal conduct.  Therefore, a sentence of fifteen (15) years' imprisonment will serve to protect the public from further crimes of this defendant.

    **(D) 18 U.S.C. § 3553(a)(3) – the kinds of sentences available**

Pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii), at Count One, the minimum term of imprisonment is ten (10) years and the maximum term is life imprisonment.  Additionally, the Court must impose a term of supervised release of at least five (5) years.  A sentence of probation is expressly precluded by 21 U.S.C. § 841(b)(1)(A)(iii).

    **(3) 18 U.S.C. § 3553(a)(4)(A) – the kinds of sentence and the sentencing range established by the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines**

The government concurs with all of the Guideline calculations set forth in the PSR.  Since the defendant is a career offender, the base offense level is 37 pursuant to U.S.S.G. § 4B1.1(b).  The base offense level should be reduced by three levels for the defendant's acceptance of responsibility.  U.S.S.G. §§ 3E1.1(a), 3E1.1(b).  The defendant's total offense level, therefore, is 34.  As a career offender, he has a criminal history category of VI.  Therefore, the guideline range is 262 months to 327 months.  The minimum term of imprisonment is 10 years.  21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).  Thus, while the recommended fifteen (15) years' imprisonment sentence is below the guideline range, it is significantly higher than the mandatory minimum sentence of ten (10) years.

**(4) 18 U.S.C. § 3553(a)(5) – any pertinent policy statement**

There are no pertinent policy statements applicable.

**(5) 18 U.S.C. § 3553(a)(6) – the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**

A sentence of fifteen (15) years' imprisonment reflects an appropriate sentence for the defendant in this case given his role within the conspiracy and his prior criminal history. This sentence, therefore, will satisfy the need to avoid unwarranted sentence disparities among similarly situated defendants, including codefendants charged in the above-captioned indictment.

**(6) 18 U.S.C. § 3553(a)(7) – the need to provide restitution to any victims of the offense**

Restitution is not applicable in this case.

### III.     REASONABLENESS OF THE 11(c)(1)(C) RECOMMENDATION

The government submits that the recommended sentence of (fifteen) 15 years' imprisonment is a reasonable sentence for the defendant in this case. Considering all of the above factors, the recommended sentence is neither too harsh nor too lenient; complies with the statutory sentencing factors; and is not contrary to public interest. A sentence of imprisonment of fifteen (15) years properly accounts for the quantity of cocaine that the defendant personally trafficked in this case and his role within this conspiracy. The quantity of cocaine involved was so substantial that it triggered the imposition of a mandatory minimum sentence of 10 years' imprisonment. Although the recommended sentence is below the recommended guidelines range, it is above the mandatory minimum sentence, and it is a fair and reasonable sentence for the defendant in this case.

## IV.     CONCLUSION

WHEREFORE, for all of the foregoing reasons, the government respectfully requests that the Court accept the plea agreement in this case and sentence the defendant to a term of imprisonment of fifteen (15) years followed by a term of supervised release of five (5) years.

        Respectfully submitted,

        SOO C. SONG
        Acting United States Attorney

        *s/Shanicka L. Kennedy*
        SHANICKA L. KENNEDY
        Assistant U.S. Attorney
        U.S. Attorney's Office
        700 Grant Street
        Suite 4000
        (412) 644-3500 (phone)
        Shanicka.kennedy@usdoj.gov
        PA ID No. 88306