IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 15-256 |
| | ) | |
| WILLIAM J. CHAFFIN, JR. | ) | |

**<u>GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM</u>**

AND NOW comes the United States of America, by its attorneys, Soo C. Song, Acting United States Attorney for the Western District of Pennsylvania, and Shanicka L. Kennedy, Assistant United States Attorney for said District, and pursuant to this Court's Order, hereby submits this supplemental sentencing memorandum.

William J. Chaffin, Jr. was charged with five (5) counts of an Indictment at Criminal No. 15-256, charging him with conspiring to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii), in violation of 21 U.S.C. § 846 (Count One); possessing with intent to distribute and distribution of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts Two, Three and Four); and possession of a firearm and/or ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Five).

Pursuant to a plea agreement, on February 3, 2017, the defendant entered a plea of guilty to Counts One, Two, Three and Four of the Indictment.  Although Count Five of the Indictment was withdrawn pursuant to the plea agreement, the defendant acknowledged responsibility for the conduct.  However, the defendant recently filed objections to the PSR and now submits that the government cannot prove that he possessed the firearms in question.  He further submits that the

government cannot prove that the firearms in question were connected to the offense of conviction, so a two-level enhancement is improper. (Doc. 866, ¶¶ 4, 5).

The government's position remains unchanged that the defendant possessed the firearms in question and thus, the two-level enhancement is appropriate. When law enforcement executed a federal search warrant on the defendant's residence on November 3, 2015, he was present in the home and engaged in criminal conduct, namely cooking cocaine into crack. Agents recovered four (4) firearms: a Taurus revolver .38 Special; a Rohm revolver .22 short caliber; a Heritage revolver, Rough Rider .22 caliber; and one (1) Ruger rifle. Additionally, agents recovered a significant amount of ammunition including 40 rounds of 9mm Magtech ammunition and 60 rounds of Remington .22 caliber ammunition. The government will be prepared to present a witness at sentencing to testify to the recovery of the firearms and ammunition.

Additionally, pursuant to paragraph 2 of the plea agreement, the defendant acknowledged responsibility for the conduct charged in Count Five of the Indictment and stipulated that the conduct charged in that Count may be considered by the United States Probation Office ("USPO") or by the Court in calculating the guideline range and in imposing sentence. Furthermore, in paragraph 4 of the plea agreement, the defendant has agreed to voluntarily forfeit his right, title, and interest in the firearms and ammunition. Additionally, as a convicted felon, the defendant is not permitted to possess a firearm and/or ammunition. Accordingly, the government concurs with the USPO and submits that the defendant's possession of the firearms and ammunition are relevant conduct that the Court should take into consideration when imposing the defendant's sentence.

Also, to challenge his career offender status, the defendant objects to his convictions in paragraphs 46, 58 and 88. The government concurs with the USPO that the sentences imposed on the defendant for the convictions referenced in those paragraphs extended into the relevant 15 year

time period for the instant offense. As noted in USPO's second addendum to the PSR, the defendant's parole dates on both offenses extended to 2001. (Doc. 870). The Indictment in the instant matter charges conduct from in and around June 2015 until November 2015. Therefore, the defendant's sentences extended into the relevant period. Accordingly, the USPO calculations are accurate and the defendant is indeed a career offender. The government will present copies of the convictions at sentencing to substantiate this argument.

    For the above stated reasons, as well as the reasons stated in its Sentencing Memorandum (See Doc. 825), the government requests that this Honorable Court accept the plea agreement in this case and impose a sentence of fifteen (15) years' imprisonment followed by a term of supervised release of five (5) years.

    Respectfully submitted,

    SOO C. SONG
    Acting United States Attorney

    *s/Shanicka L. Kennedy*
    SHANICKA L. KENNEDY
    Assistant U.S. Attorney
    U.S. Attorney's Office
    700 Grant Street
    Suite 4000
    (412) 644-3500 (phone)
    Shanicka.kennedy@usdoj.gov
    PA ID No. 88306