## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 15-256 |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| WILLIAM J. CHAFFIN, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is William J. Chaffin, Jr.'s ("Defendant's") Motion to Reduce

Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), ("Motion," Doc. 1071).  For the reasons

discussed below, Defendant's Motion will be denied.

Defendant asserts that, his health conditions, including diagnoses of diabetes and

hypertension—which make him susceptible to significant complications if infected with COVID-

19—are "extraordinary and compelling" reasons for a reduction in sentence.  (Motion at ¶ 20.)[1]

Defendant's Motion contains only a single paragraph discussing the factors in 18 U.S.C. §

3553(a) ("3553 Factors"), in which he argues that he "is not a danger to the community; suffers

from serious medical issues; and further because respect for the law and general deterrence, other

notable Section 3553(a) factors, would not be undermined by converting the remainder of his

sentence to home confinement given the cataclysmic events of the current pandemic."  (Motion

at ¶ 25.)

---

[1] Defendant attaches no medical records substantiating these diagnoses.  (Motion at ¶ 20 n.2.)
While his counsel included a footnote indicating such records would be supplied along with a
Reply, it has been over three weeks since the Government filed its Response and Defendant has
made no additional filings in support of his Motion.

In its Response, the Government argues that Defendant has failed to exhaust his administrative remedies and therefore the Court cannot consider his request. (Government's Response to Defendant's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A), "Response," Doc. 1074 at 4–5.) Moreover, while Defendant's medical conditions may be an "extraordinary and compelling reason," the Government contends reduction to a sentence of time-served would "completely eviscerate" the 3553 Factors. (Id. at 2; 8–10.)

As a preliminary matter, the Court agrees with the Government that Defendant's documentary support for exhaustion with the Bureau of Prisons ("BOP") is dubious at best. (Doc. 1071-1 (e-mail from Defendant's counsel to an e-mail address at FCI-Elkton); Response at 4–5.) It is not clear that sending an email to this account is the proper procedure to submit compassionate release requests to the Warden at FCI-Elkton, or that Defendant's request was ever received by the Warden. The COVID-19 pandemic notwithstanding, a prisoner's failure to administratively exhaust as required by 18 U.S.C. § 3582(c)(1)(A) "presents a glaring roadblock foreclosing compassionate release." United States v. Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020).

However, even if Defendant has properly exhausted his request with the BOP, the 3553 Factors cannot support a reduction in sentence for this Defendant.

This Court sentenced Defendant to a fifteen-year term of incarceration for multiple counts of cocaine distribution; he led a large-scale, multi-kilogram drug trafficking operation to the detriment of many citizens of the Pittsburgh area. (Doc. 888; Response at 8–9.) He has served approximately one-third of that sentence, and approximately half of the ten-year mandatory minimum sentence at Count 1. (Doc. 888.; Response at 8.) Defendant has multiple prior convictions for drug distribution and possession of firearms and was a Career Offender

under the Sentencing Guidelines at the time of his sentencing for the crimes of conviction. (Doc. 796.) As for his criminal history, the Court agrees with the Government that Defendant's crimes have escalated and caused more harm over time, not declined as he aged. (Response at 9–10.)

Under these circumstances, the Court finds the weight of 3553 Factors preclude release. Reducing Defendant's sentence would be contrary to the extremely serious nature and circumstances of his offenses, Defendant's history and characteristics, the need to promote respect for the law, and the Court's duty to protect the public from further crimes. More to the point, a period of less than five years' incarceration for the crimes of conviction is simply not sufficient and would send the wrong message to others who may be inclined to engage in—and lead—this type of drug-dealing operation. The requested reduction would create a dramatic disparity among other defendants with similar records who have been found guilty of similar crimes.[2] Similarly, the Court finds that reduction in sentence would be inconsistent with the Policy Statement 1.1B13 of the Sentencing Guidelines, because Defendant likely remains a danger to the community.

Therefore, consistent with the above, Defendant's Motion to Reduce Sentence, (Doc. 1071), is **DENIED**.

IT IS SO ORDERED.

July 22, 2020                                        s\Cathy Bissoon
                                                    Cathy Bissoon
                                                    United States District Judge

cc (via ECF email notification):
All Counsel of Record

---

[2] Defendant's 15-year sentence was the result of an 11(c)(1)(C) plea. But for this agreement, under the Sentencing Guidelines, Defendant's recommended sentence was 262 to 327 months. (Doc. 796 at 20.)